IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD L. DOPP, )
)
                Plaintiff, )
)
v. )   Case No. CIV-10-663-D
)
DAVID MILLER, Warden, DEAN )
CALDWELL, Assistant Deputy Warden, )
MELISSA HALVORSON, MS. STOUFFER, )
LIEUTENANT BENOIT, EROLL )
HANCOCK, FRED JONES, and MARK )
BOWEN, )
)
                Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff seeks redress for alleged violations of his civil and constitutional rights.

Two motions[1] are currently pending: (1) a Motion to Dismiss/Motion for Summary Judgment[2] filed on behalf of Defendant David Miller and Defendant Melissa Halvorson[3]

---

[1] The docket sheet in this case indicates that three motions are pending. Two motions to dismiss/motions for summary judgment were filed by Defendants' counsel on October 22, 2010. The first, Document No. 23, purports to be a motion in Case. No. CIV-06-842, filed on behalf of David Miller, Ronald Schnee, Richard Tinker, Larry Rollerson, Dayton Poppell, Paul DeWeese and Melissa Halvorson. The second motion, Document No. 24, is identical to the first except that it bears Case No. CIV-10-663. It is filed on behalf of the same people, only two of whom are parties to this case. No explanation is tendered for the filings. It is recommended that Document Number 23 be stricken from the record.

[2] Because this Court has considered materials outside the pleadings, the dispositive motion is treated as a motion for summary judgment. *See Christensen v. Big Horn County Bd. of County Comm's*, 374 Fed. Appx. 821, 826 (10th Cir. Apr. 15, 2010) (*citing Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005)) (unpublished op.).

[3] Counsel entered his appearance on behalf of Defendants Miller, Caldwell, Halvorson, Stouffer, Benoit, Hancock, Jones and Bowen on October 22, 2010. *See* Doc. #22. The dispositive

(continued...)

[Doc. #24] (Motion for Summary Judgment) and (2) Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order [Doc. #8]. Plaintiff has responded to the dispositive motion. *See* Plaintiff's Response [Doc. #26]. For the reasons set forth below, it is recommended that Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order be denied. It is further recommended that Defendants' Motion to Dismiss/Motion for Summary Judgment be granted as to Defendants Miller and Halvorson. Finally, it is recommended that this Court order Defendants Caldwell, Stouffer, Benoit, Hancock, Jones and Bowen to show cause as to why Plaintiff's request to pursue default judgment against these defendants, *see* Doc. #26 at 1, should not be granted.

## I.  Defendants' Motion for Summary Judgment

### A.  Procedural Background and Undisputed Material Facts

This case is the third civil rights action Plaintiff has filed in this Court against various prison officials at the Lawton Correctional Center (LCF).[4]

Plaintiff filed the first action, Case No. CIV-06-842, on August 10, 2006. That case ultimately was settled, and on November 13, 2009, Plaintiff signed a Stipulation of Dismissal, dismissing with prejudice all claims lodged in that case against Defendants David

---

[3](...continued)
motion filed by counsel, however, is filed on behalf of "David Miller, Ronald Schnee, Richard Tinker, Larry Rollerson, Dayton Poppell, Paul DeWeese and Melissa Halvorson." Doc. #24 at 1. As Plaintiff notes, Defendants Caldwell, Stouffer, Benoit, Hancock, Jones and Bowen have not filed a timely response to Plaintiff's Complaint.

[4] The Court takes notice of the docket entries for the previous two cases filed by Plaintiff in this Court.

Miller, Ronald Schnee, Richard Tinker, Larry Rollerson, Dayton Poppell, Paul DeWeese and Melissa Halvorson. *See* Plaintiff's Response, Exhibit A. Plaintiff executed a Release of All Claims in connection with this settlement on November 5, 2009. *See* Motion for Summary Judgment, Exhibit 1 [Doc. #24-1] (Release of All Claims).

Plaintiff filed the second action, Case No. CIV-09-101, on January 23, 2009, while the first action was pending. In the second case, Plaintiff asserted different causes of action arising out of his incarceration at LCF, and he named two of the defendants sued in the first action (Defendants Miller and Halvorson) and some additional defendants as well. Plaintiff voluntarily dismissed Case No. CIV-09-101 without prejudice on October 13, 2009 (*see* Docket, Case No. CIV-09-101, Doc. #40), prior to the filing of the Stipulation of Dismissal in the first action.

In his third action, the case at bar, Plaintiff simply "re-filed" the Complaint he had filed in Case No. CIV-09-101. *See* Complaint [Doc. #1] at 13 (Plaintiff's letter to the Court Clerk). Plaintiff's Complaints filed in his second and third actions are word-for-word identical except for the date filed. *Compare* Complaint [Doc. #1] in Case No. CIV-09-101 to Complaint [Doc. #1] in the case at bar, Case No. CIV-10-663.

The question raised by the pending Motion for Summary Judgment is whether the Release of All Claims executed by Plaintiff on November 5, 2009, releases Defendants Miller and Halvorson from all liability in the case at bar.

**B. <u>Analysis</u>**

A court shall grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court must "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Ross v. The Board of Regents of The University of New Mexico*, 599 F.3d 1114, 1116 -1117 (10th Cir. 2010) (internal quotation and citation omitted).

As noted above, the pending Motion for Summary Judgment is brought on behalf of only two of the defendants named in Plaintiff's Complaint. The sole ground for summary judgment is the Release of All Claims executed in connection with the settlement of Case No. CIV-06-842. Defendants Miller and Halvorson contend that the release signed by Plaintiff on November 5, 2009, discharged them from liability for the claims raised in Case No. CIV-09-101 and, therefore, in the instant case as well since the claims are the same.

Plaintiff, in contrast, takes a more limited view of the scope of the release and denies that the release encompasses the claims re-filed by Plaintiff in the instant case. Plaintiff notes that Case No. CIV-09-101 was voluntarily dismissed without prejudice before the settlement was reached in Case No. CIV-06-842 and that not all of the defendants named in Case No. CIV-09-101 were named in Case No. CIV-06-842. Plaintiff also relies on the fact that the Stipulation of Dismissal filed in Case No. CIV-06-842 does not reference the claims made in Case No. CIV-09-101. *See* Plaintiff's Response, Exhibit A. Plaintiff also notes that

the settlement offer from the defendants in Case No. CIV-06-842, in the form of a letter from the defendants' counsel to Plaintiff, offers a monetary settlement "in the above styled case" [Case No. CIV-06-842] in exchange "for a Dismissal with Prejudice to refiling and a General Release of all claims[.]" Plaintiff's Response, Exhibit B. Relying upon all these points, Plaintiff contends that his release of claims applied only to the claims raised in Case. No. CIV-06-842, and that the release does not bar the claims he has re-filed in this new case.

A release, such as the one signed by Plaintiff, "is a contract." *Corbett v. Combined Communications Corporation of Oklahoma, Inc.*, 654 P.2d 616, 617 (Okla. 1982). Where the language of a contract is unambiguous, "the Court is to interpret it as a matter of law." *Id.* That is, where a written contract exists, a court must ascertain the intention of the parties "from the writing alone, if possible." *McKissick v. Yuen,* 618 F.3d 1177, 1184 (10th Cir. 2010). Whether an ambiguity exists in a contract "is also a question of law for the court to decide." *Id.* (*citing Corbett* at 617).

The centerpiece of the Court's analysis, then, is the language of the release itself:

I, Richard Lynn Dopp, in consideration of the sum of $1,000, the receipt of which is hereby acknowledged, do hereby individually and for my heirs, personal representatives and assigns, release and forever discharge David Miller, Ronald Schnee, Richard Tinker, Larry Rollerson, Dayton Poppell, Paul DeWeese and Melissa Halvorson, Lawton Correctional Facility, and the GEO Group, Inc., their past, present, and future owners, officers, directors stockholders, insurers, attorneys, agents, servants, representatives, employees, parent companies, subsidiaries, affiliates, partners, predecessors and successors in interest, heirs, representatives, assigns, and any and all other persons, firms, corporations or other entities with whom any of the former have been, are now, or may hereafter be affiliated, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of

actions, arising out of any act or occurrence up to the present time, and particularly on account of all personal injury, disability, loss or damage of any kind sustained or that I may hereafter sustain in consequence of my incarceration in the Lawton Correctional Facility, including, but not limited to, claims alleged in the lawsuit filed in the United States District Court for the Western District of Oklahoma, Case No. CIV-06-842-D.

Motion for Summary Judgment, Exhibit 1 [Doc. #24-1], Release of All Claims (November 5, 2009) at 1.

The Court has examined the Release of All Claims in its entirety, as well as the particular release language quoted above, and finds that the language of the contract is clear and unambiguous.[5] By its express terms, the release includes but is "not limited to" the claims alleged in Case No. CIV-06-842. The contract explicitly releases Defendants Miller and Halvorson from liability for all claims and causes of action of any kind arising out of any act or occurrence "up to the present time" (*i.e.*, the date of the release November 5, 2009) for any injury that Plaintiff sustained in consequence of his incarceration at LCF. Plaintiff's claims filed in the second action, and re-filed in the instant action, fit exactly within that

---

[5]Because the contract language is clear and unambiguous, it is unnecessary, and would in fact be improper, for this Court to look to extrinsic evidence concerning the intentions of the parties. *See* 15 Okla. Stat. § 154 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."). *See also Kay Pharmacal Co. v. Dalious Const. Co.*, 276 P.2d 756 (Okla. 1954) (same). *Cp. Public Service Co. of Oklahoma v. Home Builders Ass'n of Realtors, Inc.*, 554 P.2d 1181, 1185 (Okla. 1976) (where, from an examination of a written contract in its entirety, the intent of the parties is obscure and uncertain, resort may be had to parol evidence). Here, there is no allegation of fraud, accident or other circumstance that could support a finding that the plain contract language should not control. *See Public Service Co. of Oklahoma v. Burlington Northern R.R. Co.*, 53 F. 3d 1090, 1097 (10th Cir. 1995) (noting that under Oklahoma contract law, where no ambiguity exists, intent must be determined from the words used unless there is fraud, accident or pure absurdity.).

6

description, were known to Plaintiff at the time the release was executed, and were not the subject of any reservation or qualification in the Release of All Claims.

In sum, the clear, unambiguous language of the Release of All Claims signed by Plaintiff on November 5, 2009, is broad enough to release Defendants Miller and Halvorson from any liability on the claims Plaintiff re-filed in this case. Accordingly, these Defendants are entitled to summary judgment as a matter of law.

## II. Motion for Preliminary Injunctive Relief

In Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order and Brief in Support,[6] Plaintiff asks this Court to issue injunctive relief precluding Defendants from destroying certain documents. According to Plaintiff, the documents he specifies might be the subject of future discovery requests related to this action. Pursuant to Fed. R. Civ. P. 65, a court may issue a temporary restraining order without written or oral notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Rule 65(b)(1)(A). Plaintiff has not shown such irreparable harm.

Moreover, "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coalition v. Flowers*, 321 F.3d

---

[6]Because Plaintiff is seeking injunctive relief pending the final resolution of his case, the Court construes the motion as a motion for a preliminary injunction. *See Little v. Jones*, 607 F.3d 1245, 1248 n. 2 (10th Cir. 2010).

1250, 1256 (10th Cir. 2003); *see also United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989) (stating that a preliminary injunction "constitutes drastic relief to be provided with caution . . . [and] should be granted only in cases where the necessity for it is clearly established."); *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) ("In general, a preliminary injunction . . . is the exception rather than the rule.") (internal citations and quotations omitted).

When seeking a preliminary injunction, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *Little v. Jones*, 607 F.3d at 1251 (*citing RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009)). "In addition, the movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Id.* (*quoting Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "A mandatory preliminary injunction – one which requires the nonmoving party to take affirmative action – is 'an extraordinary remedy' and is generally disfavored." *Id.* (*quoting Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009)). Before a court may grant such relief, the movant must "'make a heightened showing of the [ ] four factors.'" *Id.* (*quoting Tyson Foods, Inc.* at 776).

In this case, Plaintiff is seeking an injunction which would order Defendants to preserve certain documents consisting of business records and prison materials distributed

to prisoners housed at LCF. Plaintiff has not met the burden of showing likelihood of success on the merits or that the balance of equities weighs in his favor. Finally, issuance of a preliminary injunction could directly impact the daily operations of the prison – an outcome not within the public interest. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (quotation omitted) ("it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison[.]")

Because Plaintiff has failed to satisfy any of the factors generally considered by courts when ruling on motions for preliminary injunctions, it is recommended that Plaintiff's motion be denied.

## RECOMMENDATION

For the reasons set forth, it is recommended that Plaintiff's Motion for Preliminary Injunction [Doc. #8] be denied. It is further recommended that Document #23 be stricken from the record and that the motion for summary judgment filed on behalf of Defendants Miller and Halvorson [Doc. #24] be granted. Finally, it is recommended that Defendants Caldwell, Stouffer, Benoit, Hancock, Jones and Bowen be ordered to show cause as to why Plaintiff's request to pursue default judgment against these defendants, *see* Doc. #26 at 1, should not be granted.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by March __3rd__, 2011. *See* Local Civil Rule 72.1. The parties are further advised

that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred in this matter and terminates the referral.

ENTERED this __10th__ day of February, 2011.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE