IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD LYNN DOPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-663-D |
| | ) | |
| DAVID MILLER, Warden, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 27] issued by United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636(b)(1)(B). The Report addresses the merits of two pending motions: Defendants' Motion for Summary Judgment [Doc. No. 24], filed by Defendants David Miller and Melissa Halvorson pursuant to Fed. R. Civ. P. 56;[1] and Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order [Doc. No. 8].[2] The Report also recommends that other defendants named in the Complaint should be ordered to show cause why an entry of default should not be made. Both parties have filed objections to the Report. The Court must make a *de novo* determination of any portion of the Report to which a specific, timely objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] Although denominated a "Motion to Dismiss/Motion for Summary Judgment," Judge Couch properly applies Rule 56, which is the only rule cited in the Motion, because the issue presented depends on material outside the pleadings.

[2] Judge Couch recommends that a third motion, Defendants' Motion to Dismiss/Motion for Summary Judgment [Doc. No. 23], be stricken as duplicative and filed in error. No party objects to this characterization of Defendants' filing, which is plainly correct. The document contains the wrong case number and party names.

Plaintiff Richard Dopp, who appears *pro se*, has filed a timely objection that challenges only Judge Couch's analysis of the summary judgment issue: "whether the Release of All Claims executed by Plaintiff on November 5, 2009, releases Defendants Miller and Halvorson from all liability in the case at bar." *See* Report [Doc. 27] at 3. Plaintiff does not disagree with Judge Couch's statement of the procedural background and undisputed material facts regarding Defendant's Motion. *See id*. at 2-3. Plaintiff also does not object to Judge Couch's analysis and recommended disposition of his Motion. *See id*. at 7-9. The Court finds Plaintiff has waived further review of these portions of the Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Defendants have objected to the Report solely to challenge the recommendation for a show cause order against the defendants who were not listed as movants in the dispositive motion. Also, Defendants have filed a separate motion, their Motion for Leave to File Amended Motion for Summary Judgment [Doc. No. 29]. They argue that the omission of some defendants' names from the original motion was a scrivener's error of their counsel and that all defendants share the same position with regard to the summary judgment issue. According to Defendants, the most expedient approach would be to permit the amendment of their dispositive motion and to consider the substance of the motion as applied to all named defendants. Plaintiff has filed a combined response in opposition to Defendants' objection and Defendant's motion to amend.

Upon independent consideration of the summary judgment issue, the Court fully concurs in Judge Couch's analysis. Further, the recommended ruling is fully supported by the litigation history between the parties, which is not recited in the Report but is well known to the undersigned as the presiding judge for Plaintiff's civil rights cases in this district.

This case is one of many actions filed by Plaintiff, an inmate of the Oklahoma Department of Corrections (DOC).[3] As pertinent here, Plaintiff has filed three civil rights actions under 42 U.S.C. § 1983 concerning his confinement in a private prison, the Lawton Correctional Facility (LCF). In the first case, No. CIV-06-842-D, Plaintiff brought suit against Defendants Miller and Halvorson and others individuals[4] concerning various conditions of his confinement, including access to religious services, medical care, and dental and hygiene supplies. In the second case, No. CIV-09-101-D, Plaintiff brought suit against Defendants Miller and Halvorson and additional LCF employees concerning an "[a]ccumulation of constitutional violations that have been going on at LCF for some time;" he complained particularly about dental care, medical needs (access to medications, shoes, and foot care), recreation or exercise, food, religious services, commissary costs, and alleged incidents in November 2007, June 2008, and January 2009.[5] *See Dopp v. Miller*, Case No. CIV-09-101-D, Compl. (W.D. Okla. Jan. 23, 2009).

The Court granted partial summary judgment in the first case on September 29, 2009, finding disputed factual issues as to some claims. However, in October 2009, Plaintiff was released from LCF. Through a notice of voluntary dismissal filed October 13, 2009, Plaintiff promptly dismissed the second case, in which no answer had yet been filed. He subsequently reached a settlement of the first case, and it was dismissed through a Stipulation of Dismissal filed November 13, 2009. Shortly before this dismissal was effected, Plaintiff was taken back into custody and assigned to the

---

[3] Plaintiff has been a litigant in this and other judicial districts, leading to a recommended qualification for the "three-strikes" rule of 28 U.S.C. § 1915(g). *See Dopp v. Jones*, Case No. CIV-10-1198-D, Report & Recom. at 3-4 (W.D. Okla. Nov. 10, 2010).

[4] Some defendants were DOC officials but others were LCF employees: Larry Rollerson; Paul DeWeese; Ronald Schnee; Richard Tinker; and Dayton Poppell.

[5] The other defendants were the same ones named in this case: Dean Caldwell; Ms. Stouffer; Lt. Benoit; Eroll Hancock; Fred Jones; and Mark Bowen .

Oklahoma State Penitentiary in McAlester, Oklahoma. After his return to prison, Plaintiff sought relief from the dismissal of his first case on various grounds, including that the settlement was procured by fraud and misrepresentation of the defendants' attorney, but the Court denied relief. *See Dopp v. Miller*, No. CIV-06-842-D, 2009 WL 5216918, Order [Doc. No. 122] (W.D. Okla. Dec. 30, 2009); *id.*, Order [Doc. No. 128] (June 29, 2010). Plaintiff did not appeal. Instead, he filed this case – the third regarding his confinement at LCF – by refiling the same complaint he had used in the second case.

The release at issue, or "Release of All Claims," was executed by Plaintiff on November 5, 2009, in connection with the settlement of his first case. Plaintiff received $1,000 in exchange for the dismissal of that case, which was then his only pending case regarding LCF, and the execution of the release.[6] The document is a broadly worded, general release and, by its terms, is not limited to the claims asserted in the first case. Instead, it expressly states that Plaintiff does:

> release and forever discharge, David Miller . . . and Melissa Halvorson . . . from any and all claims . . . , arising out of any act or occurrence up to the present time, and particularly on account of all personal injury, disability, loss or damage of any kind sustained or that [Plaintiff] may hereafter sustain in consequence of [his] incarceration in the Lawton Correctional Facility, including, but not limited to, the claims alleged in the lawsuit filed in the United States District Court for the Western District of Oklahoma, Case No. CIV-06-842-D.

*See* Defs.' Mot. Summ. J., attach. 1 [Doc. No. 23-1].[7]

---

[6] At the time, Plaintiff had already dismissed the second case, but the dismissal was without prejudice to refiling.

[7] In language omitted from the above quotation, Plaintiff released the other individual defendants in Case No. CIV-06-842-D, as well as "Lawton Correctional Facility, and The GEO Group, Inc., their past, present, and future owners, officers, directors, stockholders, insurers, attorneys, agents, servants, representatives, employees, parent companies, subsidiaries, affiliates, partners, predecessors, and successors in interest, heirs, representatives, assigns, and any and all other persons, firms, corporations or other entities with whom any of the former have been, are now, or may hereafter be affiliated."

Plaintiff seeks to avoid the effect of the release – and to create a factual dispute regarding the summary judgment issue in this case – by presenting his own affidavit attesting to his intention in executing the release and by relying on documents exchanged between the parties during settlement negotiations in 2009. Judge Couch correctly states, however, that a release is governed by contract principles.[8] Applying these principles, the court of appeals recently concluded that a similarly-worded general release of all claims against a company, which was executed by an executive upon leaving employment with the company, barred a later securities fraud action involving claims that had existed at the time of the release, and warranted the entry of summary judgment. *See McKissick v. Yuen*, 618 F.3d 1177, 1184-85 (10th Cir. 2010). Like the release in this case, the general release in *McKissick* concluded with an "including, but not limited to" clause that specified particular claims being released – in that case, claims related to the executive's employment by the company and the termination of the employment relationship. The court of appeals rejected an argument that this final clause somehow limited the scope of the release, explaining as follows:

> [T]he phrase's role is to serve as an example, an illustration, a representation of what's encompassed within the Release – not to crab or limit its plain language indicating the parties' intent to discharge "any and all" claims [the executive] might have against [the company] "from the beginning of time through the Effective Date" of the Agreement. The phrase . . . was obviously meant to put illustrative meat on the Release's bones, not to grind those bones to dust.

*McKissick,* 618 F.3d at 1185.

Anticipating the preclusive effect of his release, Plaintiff attempts to avoid it by raising additional arguments that were not presented in opposition to Defendants' Motion for Summary

---

[8] The court of appeals has noted a conflict in authority regarding whether federal or state law governs controversies regarding the settlement of federal claims but has declined to resolve the question because "basic contract rules" are the same under either law. *See Heuser v. Kephart*, 215 F.3d 1186, 1190-91 (10th Cir. 2000).

Judgment. *See* Pl's Resp. Br. [Doc. No. 26] at 3-5. Plaintiff makes vague allegations of trickery or unfair advantage by the defense attorney in Case No. CIV-06-842-D who negotiated the settlement. *See* Pl.'s Objection [Doc. No. 28] at 3-5. The Court declines to consider these new matters raised for the first time in Plaintiff's objection to Judge Couch's Report. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Further, Plaintiff's allegations of fraud and misconduct are inconsistent with his concession that the parties reached a binding and effective settlement of his first case. Finally, Plaintiff previously raised these allegations in seeking to vacate the dismissal of his first case, and the Court has already rejected them. Plaintiff presents no basis to revisit the prior rulings, which were not appealed and are now final.

Finally, Plaintiff contends that Judge Couch erroneously overlooked his argument that this Court lacks jurisdiction to enforce the release due to a provision of the Prison Litigation Reform Act concerning private settlement agreements, 18 U.S.C. § 3626(c)(2). This statute concerns prospective relief with respect to prison conditions, and is inapposite here. It plainly does not prevent Plaintiff from voluntarily releasing his claims.

For these reasons, the Court concurs in Judge Couch's conclusion that Plaintiff is precluded by his prior settlement and release from bringing this action against Defendants Miller and Halvorson. All of the claims asserted in the Complaint predate the release and fall within its scope. Thus, Defendants Miller and Halvorson cannot be held liable to Plaintiff in this case.

Defendants ask the Court to extend this ruling to all defendants by permitting an amendment of the summary judgment motion to add as movants other defendants in the case whose names were omitted from the motion. Defendants contend the omission was inadvertent and the release applies to all defendants. As stated above, the Court generally declines to consider new matters raised for

the first time in objection to a magistrate's report. Further, as previously noted, only individuals who were defendants in Case No. CIV-06-842-D are specifically named in the release, *see supra* note 7; the nonmoving defendants in this case are not expressly included. In their current filings, Defendants present no argument or legal authority to support their position that the release encompasses the unnamed individuals. *See McKissick*, 618 F.3d at 1193-94 (discussing the "specific identity" rule). Their pending summary judgment motion and supporting brief also fail to address the issue of whether persons not named in the release should be protected by it. In short, the Court finds the issue is inadequately presented by the existing record. Therefore, the Court finds that Defendants' Motion for Leave to File Amended Motion for Summary Judgment – which proposes simply to add the omitted names to the previously-filed dispositive motion – should be denied.

On the other hand, the Court finds that the issuance of a show cause order is presently unnecessary. The omission of certain defendants from the dispositive motion is adequately explained by the existing record. Further, the omitted defendants have presented a sufficient explanation of their failure to answer or defend the case to justify a late filing under Fed. R. Civ. P. 6(b). *See Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (district courts may authorize an untimely answer where a defendant shows the delay was caused by "excusable neglect," which includes "'filings caused by inadvertence, mistake or carelessness'") (quoting *Pioneer Inv. Services v. Brunswick Assoc.*, 507 U.S. 380, 388 (1993)). Thus, requiring an additional, separate response to a show cause order would only cause unnecessary delay of further proceedings in the case.

For the above reasons, the Court adopts the Report and Recommendation [Doc. No. 27] in substantial part. The moving defendants are entitled to a summary judgment based on Plaintiff's

release of his claims against them, and Plaintiff is not entitled to injunctive relief. However, the nonmoving defendants should be granted additional time to answer or otherwise respond to the Complaint.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment [Doc. No. 24] is GRANTED. Defendants Miller and Halverson are entitled to summary judgment on all claims asserted against them.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order [Doc. No. 8] is DENIED and that Defendants' Motion to Dismiss/Motion for Summary Judgment [Doc. No. 23] is STRICKEN.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File Amended Motion for Summary Judgment [Doc. No. 29] is DENIED. Defendants Caldwell, Stouffer, Benoit, Hancock, Jones, and Bowen are directed to answer or otherwise respond to the Complaint within 14 days from the date of this Order.

IT IS SO ORDERED this 30th day of March, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE