IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD LYNN DOPP, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-10-663-D
 )
DAVID MILLER, Warden , *et al.*, )
 )
 Defendants. )

# **O R D E R**

Before the Court is Defendants' Motion for Summary Judgment [Doc. No. 34], filed by Dean Caldwell, Ms. Stouffer, Lt. Benoit, Eroll Hancock, Fred Jones, and Mark Bowen on April 13, 2011, pursuant to Fed. R. Civ. P. 56. The Court previously granted summary judgment to Defendants David Miller and Melissa Halvorson in this action under 42 U.S.C. § 1983 alleging unconstitutional conditions of confinement during Plaintiff's incarceration at a private prison, the Lawton Correctional Facility ("LCF"). *See* Order of March 30, 2011 [Doc. No. 32]. The moving defendants seek the benefit of the Court's prior ruling, which gave effect to a general release of claims executed by Plaintiff in 2009; they claim that the language of the release satisfies the "specific identity" rule and protects them from suit. *See McKissick v. Yuen*, 618 F.3d 1177, 1193 (10th Cir. 2010); *Moss v. City of Oklahoma City*, 897 P.2d 280, 288 (Okla. 1995).

Plaintiff Richard Dopp, who appears *pro se*, timely opposed the Motion on May 11, 2011. Plaintiff does not address the Court's prior ruling in his response, stating he had not received a copy of the March 30 Order at the time.[1] Instead, Plaintiff reasserts arguments regarding the release that

---

[1] Plaintiff first alleged a lack of receipt of the March 30 Order when he moved for an extension of time to respond to Defendants' Motion. In granting the extension, the Court directed the court clerk to mail another copy to Plaintiff, which was done on May 3, 2011.

were previously rejected by the Court. Plaintiff also disputes the movants' position that the language of the release is sufficient to encompass individuals who were not identified by name.

## Statement of Undisputed Facts

The relevant facts are undisputed, and are fully set forth in the March 30 Order [Doc. No. 32]. Briefly stated, this case is one of many filed by Plaintiff, an inmate of the Oklahoma Department of Corrections. He has filed three § 1983 cases in this district concerning his confinement at LCF. The Complaint in this case is an exact duplicate of one filed in Case No. CIV-09-101-D, which Plaintiff voluntarily dismissed after he was released from LCF in October, 2009. It raises some of the same issues presented in a case filed several years earlier, Case No. CIV-06-842-D, which remained pending when Plaintiff was discharged from LCF but subsequently was settled pursuant to the subject "Release of All Claims" executed by Plaintiff on November 5, 2009 (the "Release"). The Release specifically mentioned only Case No. CIV-06-842-D and the individual defendants in that case who were employed at LCF, including Defendants Miller and Halvorson.[2] However, the Release – in plain and unambiguous language – released all claims that Plaintiff then had concerning his confinement at LCF. The broadly-worded, general release expressly states that Plaintiff does:

> release and forever discharge, David Miller . . . and Melissa Halverson [sic], Lawton Correctional Facility, and The GEO Group, Inc., their past, present, and future owners, officers, directors, stockholders, insurers, attorneys, agents, servants, representatives, employees, parent companies, subsidiaries, affiliates, partners, predecessors, and successors in interest, heirs, representatives, assigns, and any and all other persons, firms, corporations or other entities with whom any of the former have been, are now, or may hereafter be affiliated, from any and all claims, damages, costs, expenses, loss of services, actions and causes of action, arising out of any act or occurrence up to the present time, and particularly on account of all personal injury, disability, loss or damage of any kind sustained or that [Plaintiff] may

---

[2] Plaintiff also sued other individuals in Case No. CIV-06-842-D who were employed by the Department of Corrections, but they were dismissed from the case in 2007.

> hereafter sustain in consequence of [his] incarceration in the Lawton Correctional Facility, including, but not limited to, the claims alleged in the lawsuit filed in the United States District Court for the Western District of Oklahoma, Case No. CIV-06-842-D.

*See* Defs.' Mot. Summ. J., attach. 1 [Doc. No. 34-1].[3] Plaintiff seeks to avoid the effect of the release – and to create a factual dispute regarding the summary judgment issue – based on his own declaration attesting to his intention in executing the release and evidence of the 2009 settlement negotiations.

## Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *See id.* All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id.*

The movant bears the burden of demonstrating the absence of a genuine dispute of material fact warranting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries this burden, the nonmovant must go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998); Fed. R. Civ. P. 56(c)(2). A party asserting that a fact either cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record," such as depositions, affidavits, discovery responses, or documents. *See* Fed. R. Civ. P. 56(c)(1)(A); *see*

---

[3] The Court has omitted the names of other individuals employed at LCF who were defendants in Case No. CIV-06-842-D but are not defendants in this case.

*also Adler*, 144 F.3d at 671. "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3); *see Adler*, 144 F.3d at 672. The proper inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Discussion**

A release is governed by contract principles. *See Corbett v. Combined Comm. Corp. of Okla., Inc.*, 654 P.2d 616, 617 (Okla. 1982).[4] Applying these principles, the Court has previously determined that the Release in this case is unambiguous and expressly released Defendants Miller and Halvorson from liability for the claims asserted in this action, all of which predate the Release and fall within its scope by alleging injuries sustained in consequence of Plaintiff's incarceration at LCF. *See* March 30 Order [Doc. No. 32] at 6. In reaching this conclusion, the Court was persuaded by the court of appeal's reading of a similarly-worded general release of all claims in *McKissick v. Yuen*, 618 F.3d 1177, 1184-85 (10th Cir. 2010). The release in *McKissick* was executed by an executive upon leaving employment with a company, and although it specified particular claims being released (related to her employment and termination), it stated unequivocally that it released any and all claims against the company that existed through the effective date of the release; thus, it released securities fraud claims existing on that date. Similarly here, the fact that Plaintiff's Release referred to a specific case, No. CIV-06-842-D, did not limit the scope of the

---

[4] The court of appeals has noted a conflict in authority regarding whether federal or state law governs controversies regarding the settlement of federal claims but has declined to resolve the question because "basic contract rules" are the same under either law. *See Heuser v. Kephart*, 215 F.3d 1186, 1190-91 (10th Cir. 2000).

Release to only the claims asserted in that case. The Court adheres to its March 30 ruling, which Plaintiff does not challenge in his summary judgment response.

An issue reserved for decision in the March 30 Order is now presented by the instant Motion: Whether the Release was effective to discharge individuals who were employed at LCF during the relevant time and allegedly responsible for injuries resulting from Plaintiff's confinement there, but who were not expressly named in the Release. The resolution of whether the Release encompasses these unnamed individuals is governed by the "specific identity" rule. *See McKissick*, 618 F.3d at 1193-94 (discussing *Moss*, 897 P.2d at 286, 288). As explained by the Tenth Circuit:

> [T]he rule does not require that every released party be identified by name in some voluminous appendix dwarfing the release itself. Rather, the rule merely "require[s] some semblance of specificity" in the contractual language "before a non-settling tortfeasor [is] discharged." This is because the evil the specific identity rule aims to prevent is the "unwitting discharge of [other] tortfeasors;" it isn't about enforcing parsimonious exactitude for its own sake.

*Id*. at 1194 (quoting *Moss*, 897 P.2d at 285, 286) (citations omitted; alterations by the court in *McKissick*).

As applied by the court in *McKissick*, a release stating that it discharged the settling company's employees, officers, representatives, and agents was effective to establish a release of two individual defendants who were officers and directors of the company at the time of the release.[5] The court reasoned as follows:

> [T]he challenged portion of the Release simply discharges claims against [the company's] employees, agents, and officers. These are all people for whom [the company] might very well bear vicarious liability in some cases – and thus in this language the company still seeks, in a sense, to release itself. The class of persons

---

[5] The language of the release pertinent to this finding defined the released parties as follows: "the Company, its divisions, units, subsidiaries, parents, and all other affiliated entities, and each of their current and former employees, officers, directors, representatives, agents, shareholders, attorneys, accountants, partners, insurers, advisors, partnerships, assigns, successors, heirs, predecessors in interest, joint ventures, and affiliated persons." *Id*. at 1181.

5

covered by this language, moreover, was discernible to the parties in advance; they could tell the covered class before signing the Release; and, in this way, the Release can't be said to fall prey to the evil of effecting an unwitting discharge of unknown parties.

It would, as well, be quite a thing to read the specific identity rule to forbid language covering employees, agents, and officers, language widely employed in commercial settings and regularly depended on for its efficacy. Were we to hold such language ineffective, the settled expectations shared by parties to a great many commercial releases would be shaken. . . . A number of other states have concluded that the use of categories such as "employees," "agents," and "officers" doesn't tread on the ground forbidden by the specific identity rule, but rather suffices to identify, and so release, persons falling within those categories.

*Id.* at 1194 (citing cases).

In this case, the Release discharges LCF and The GEO Group, Inc., and "their past, present, and future owners, officers, directors, stockholders, insurers, attorneys, agents, servants, representatives, employees, parent companies, subsidiaries, affiliates, partners, predecessors, and successors in interest" from all claims, damages, and causes of action "arising out of any act or occurrence up to the present time, and particularly on account of all personal injury, disability, loss or damage of any kind sustained or that [Plaintiff] may hereafter sustain in consequence of [his] incarceration in the Lawton Correctional Facility . . . ." *See* Defs.' Mot. Summ. J., Ex. 1 [Doc. No. 34-1] at 1. Like the release in *McKissick*, this language does not purport to release "the entire world" from any and all claims in derogation of the specific identity rule but, instead, releases persons for whom LCF and its owners might bear vicarious liability and a class of persons that was discernible when the release was signed. The Court is persuaded by the reasoning of *McKissick* that the employees and agents of LCF named as defendants in this case, who are sued by Plaintiff for injuries allegedly sustained in consequence of his incarceration at LCF, are protected by the Release and discharged from liability for the claims asserted in this case.

## Conclusion

For the above reasons, the Court finds that the moving defendants are entitled to summary judgment based on Plaintiff's prior release of all claims asserted against them in the Complaint.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment [Doc. No. 34] is GRANTED. Defendants Dean Caldwell, Ms. Stouffer, Lt. Benoit, Eroll Hancock, Fred Jones, and Mark Bowen are entitled to a judgment as a matter of law. Because this Order disposes of all remaining claims and parties, a judgment shall be entered in favor of all Defendants.

IT IS SO ORDERED this 8th day of June, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE