IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD LYNN DOPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-663-D |
| | ) | |
| DAVID MILLER, Warden, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Plaintiff's Motion to Reconsider and/or Motion to Alter or Amend Judgment [Doc. No. 40], filed of record on July 7, 2011. Plaintiff, who appears *pro se*, seeks relief from the Order of June 8, 2011 [Doc. No. 38], and resulting Judgment [Doc. No. 39], which granted summary judgment to Defendants Dean Caldwell, Ms. Stouffer, Lt. Benoit, Eroll Hancock, Fred Jones, and Mark Bowen. Plaintiff's Motion is accompanied by a declaration invoking the prison mailbox rule, *see Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005); and rendering the Motion timely filed pursuant to Fed. R. Civ. P. 59(e). Plaintiff argues that, for various reasons, the Court erroneously found the moving defendants are entitled to judgment as a matter of law based on a general release previously executed by Plaintiff, which did not identify these defendants by name but released all claims against employees of Lawton Correctional Facility related to Plaintiff's incarceration there.[1]

---

[1] On July 29, 2011, Defendants filed an untimely response to the Motion without leave of court, and therefore, the response was disregarded.

Because the Motion was timely and challenges the merits of the summary judgment, the Court considers it as a Rule 59(e) motion.[2] The grounds for granting relief from a judgment under Rule 59(e) " include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citations omitted).

Although Plaintiff acknowledges this standard, he fails to satisfy it. Instead, Plaintiff merely repeats previous arguments and presents new arguments that the moving defendants were not sufficiently identified in the release to be protected by it. In advancing these arguments, Plaintiff simply asks the Court to revisit an issue that was carefully considered and fully addressed in the June 8 Order. The Court finds insufficient reason to reconsider its prior ruling and declines to grant relief from the summary judgment ruling.[3]

---

[2] The court of appeals has instructed: "District courts should evaluate postjudgment motions filed within [the time period permitted by Rule 59] based on the reasons expressed by the movant . . . ." *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005)); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) ("[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits.").

[3] The Court recognizes its authority to alter or amend a judgment under Rule 59(e) is broad; the rule "invests the district court with the power to amend the judgment for any reason." *See Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1313 (10th Cir. 2000); *see also Brown v. Presbyterian Healthcare Serv.*, 101 F.3d 1324, 1332 (10th Cir. 1996). However, the Court finds insufficient reason to exercise its equitable power in this case.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider [Doc. No. 40] is DENIED.

IT IS SO ORDERED this 1st day of August, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE